OPINION
Defendant-appellant, Roger Wilson, appeals a sentence imposed by the Fayette County Court of Common Pleas and the trial court's classification of him as a sexual predator.
On February 9, 1998, appellant was indicted by a Fayette County Grand Jury on one count of gross sexual imposition in violation of R.C.2907.05(A)(4) and one count of child endangerment in violation of R.C.2919.22(B)(3). The charges involved appellant's nine-year-old granddaughter. Appellant pled guilty to both counts. The trial court sentenced appellant and determined that he was a sexual predator pursuant to R.C. Chapter 2950.
Appellant appealed the trial court's sentence and sexual predator determination to this court. We found that the trial court failed to follow Crim.R. 11 in accepting appellant's guilty plea. We also found that the trial court erred by failing to provide notice of the sexual offender classification hearing to appellant. State v. Wilson (Jan. 1, 1999), Fayette App. No. CA98-05-006, unreported. The case was remanded to the trial court.
On June 29, 1999, as part of a plea bargain, appellant pled guilty to one count of gross sexual imposition. The state dismissed the child endangerment charge in exchange for appellant's guilty plea and agreed to make no recommendation regarding sentencing.
The trial court held a sexual offender classification hearing and a sentencing hearing on July 27, 1999. The trial court first found appellant to be a sexual predator and then sentenced appellant to the maximum prison term of five years.
Appellant appeals the trial court's decision to sentence him to the maximum term and the trial court's determination that he is a sexual predator.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN SENTENCING MR. WILSON, A FIRST TIME FELONY OFFENDER, TO A MAXIMUM PRISON TERM WITHOUT MAKING THE REQUISITE ON-THE-RECORD FINDINGS REQUIRED BY R.C. 2929.14(B)(C) AND R.C. 2929.19(B)(2)(d) THEREBY DENYING HIM DUE PROCESS AND THE OPPORTUNITY FOR MEANINGFUL APPELLATE REVIEW AS PROVIDED FOR BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.
 An appellate court may not disturb a sentence imposed by a trial court unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law or statute. R.C. 2953.08(G)(1). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford
(1954), 161 Ohio St. 469, paragraph three of the syllabus. The sentence imposed upon the offender should be consistent with the overriding purposes of sentencing: "to protect the public from future crime by the offender" and "to punish the offender." R.C. 2929.11(A).
In his first assignment of error, appellant challenges two aspects of his sentence: the decision to impose more than the minimum sentence and the decision to impose the maximum prison term. Appellant's first argument involves the trial court's decision to sentence him to a sentence greater than the minimum prison term on his first felony offense.
The Ohio Revised Code states that if an offender has not served a previous prison term, the trial court must impose the minimum sentence unless it finds on the record that a minimum sentence would "demean the seriousness of the offender's conduct" or "not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B). Gross sexual imposition involving a victim who is less than thirteen years of age is a felony of the third degree. R.C. 2907.05(B). An offender convicted of a third degree felony may be sentenced to a prison term of one, two, three, four, or five years. R.C. 2929.14(A)(3). As stated above, the trial court sentenced appellant to a prison term of five years.
The transcript of the sentencing hearing establishes that the trial court considered the factors provided in R.C. 2929.12(B)(C) to determine the seriousness of the offense and the likelihood of recidivism. The court then stated that it found prison was consistent with the purposes of the sentencing law and that appellant was not amenable to a community control sanction. The trial court then stated that "any shorter prison term will demean the seriousness of the offense, and not adequately protect the public."
Appellant's argument regarding this finding is that the record does not show that the trial court first considered the minimum sentence and then decided to depart from the minimum. The trial court is not required to engage in a two-step analysis by first explicitly stating that it considered the minimum sentence and then stating one of the statutory reasons from departing from the minimum sentence.
The second aspect of his sentence appellant challenges is the trial court's decision to impose the maximum prison term. A trial court may impose the maximum term upon an offender only if the trial court finds on the record that the offender "committed the worst form of the offense" or that the offender "pose[s] the greatest likelihood of committing future crimes." R.C. 2929.14(C). The trial court must provide the reasons underlying its decision to impose a maximum sentence. R.C.2929.19(B)(2)(d) and (e); State v. Beard (Sept. 5, 2000), Clermont App. No. CA2000-02-012, unreported.
In considering whether an offender committed the worst form of the offense, the trial court is guided by the factors listed in R.C.2929.12(B). As relevant to this case, these factors include:
 (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
* * *
 (6) The offender's relationship with the victim facilitated the offense.
R.C. 2929.12(B). The court may also consider any other relevant factors. Id.
The trial court stated that the injury was exacerbated by the victim's age. The court found that, being only nine years old, the victim was "in no position, whatsoever to handle the terrible situation that confronted her." The court found that since appellant was both the victim's grandfather and custodian, his relationship with the victim facilitated the offense. The court also considered the factors related to recidivism and noted that there were multiple victims of appellant's abuse over the years and that appellant was likely to offend again. The trial court also referred to the issues discussed at the sexual predator hearing. In the judgment entry, the trial court found "for the reasons stated on the record pursuant to 2929.14(C) that the defendant committed the worst form of the offense."
Appellant argues that while the trial court made a finding that he committed the worst form of the offense in the judgment entry, it was error for the trial court to fail to make this finding orally at the hearing. We disagree. A court's record includes not only the transcript of the hearing, but also the judgment entry.
Appellant also argues that the trial court did not set forth its reasons for imposing the maximum sentence. As mentioned above, the trial court reviewed the factors found in R.C. 2929.12(B) at the hearing. In the judgment entry, the court referred to these findings in reference to its determination that appellant committed the worst form of the offense. We find the trial court's decision to impose the maximum sentence was supported by the record. Since the sentence imposed by the trial court is supported by the record and is not contrary to law, appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 MR. WILSON WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 AND 16 OF THE OHIO CONSTITUTION.
In his second assignment of error, appellant contends that his trial counsel was deficient in two areas, namely during the sexual predator phase of the hearing and during the sentencing portion of the hearing. To decide appellant's claim of ineffective assistance of counsel, we must apply the two-tier test of Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052. First, appellant must show that counsel's actions were outside the wide range of professionally competent assistance. Second, appellant must show that he was prejudiced as a result of counsel's actions. Id. at 689. Prejudice will not be found unless appellant demonstrates there is a reasonable possibility that, if not for counsel's errors, the result of the trial would have been different. State v.Bradley (1989), 42 Ohio St.3d 136, 143, certiorari denied (1990),497 U.S. 1011, 110 S.Ct. 3258. A strong presumption exists that licensed attorneys are competent and that the challenged action is the product of a sound trial strategy and falls within the wide range of professional assistance. Id. at 142. We will now discuss the two areas where appellant claims his counsel was deficient.
Appellant first argues that his counsel was ineffective because during the sexual predator phase of the hearing, his counsel did not submit evidence that appellant completed a sexual offender counseling program. We initially note that the State of Ohio argues that appellant does not have a right to counsel pursuant to the Sixth Amendment at a sexual predator hearing. Even though a sexual offender classification hearing is civil in nature, and appellant's Sixth Amendment right to counsel is not implicated, the Fifth and Fourteenth Amendments provide a due process right to counsel whenever the state seeks to infringe on a person's life liberty or property interest. In re Fisher (1974), 39 Ohio St.2d 71,75; Roth v. Roth (1989), 65 Ohio App.3d 768, 776; State v. Whorton, August 21, 1998, 1998 WL 515964 at *1, Hamilton County App. No. C-970901, unreported. The Ohio Revised Code secures this right by providing that an offender has "the right to be represented by counsel and, if indigent, the right to have counsel appointed to represent the offender." R.C. 2950.09(B)(1). Accordingly, although appellant's right to counsel does not arise under the Sixth Amendment, appellant has a right to effective assistance of counsel at a sexual predator hearing under R.C. 2950.09(B)(1).
Trial counsel mentioned that appellant had completed a sexual offender counseling program for the Ohio Department of Rehabilitation and Corrections at the sentencing hearing, but did not offer this information during the sexual offender classification portion of the hearing. Appellant argues on appeal that the failure to offer this information constitutes deficient performance which prejudiced him. We disagree.
The trial court was made aware of the sexual offender counseling program at the sentencing hearing, which was held after the sexual predator hearing. However, both hearings were held before the judgment entry finding appellant to be a sexual predator was filed.
While the evidence of the sexual offender counseling program may have also been probative on the issue of whether appellant is a sexual predator, there is no indication that the outcome of the sexual predator hearing would have been different. The trial court found appellant engaged in a definite pattern of sexual abuse involving young girls which began over twenty years prior to the offense involving his granddaughter. The evidence indicated that appellant had sexually abused his own daughters when they were approximately the same age as his granddaughter. The trial court noted that appellant was fifty-eight years old at the time of the latest offense and that the victim was only nine years old. The trial court also found that cruelty could be inferred from the testimony at the hearing. Considering the evidence supporting a sexual predator finding, we cannot find that the trial court's determination would have been different if it had been aware of the sexual offender counseling program.
The second area in which appellant claims his trial counsel was ineffective was by failing to object to the trial court's imposition of the maximum sentence. We have already determined that the trial court did not err in imposing the maximum sentence, so appellant's counsel did not err by failing to object to this finding. Appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 MR. WILSON'S DUE PROCESS RIGHTS, AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION WERE VIOLATED WHEN THE EVIDENCE PRESENTED AT THE SEXUAL OFFENDER CLASSIFICATION HEARING WAS INSUFFICIENT TO SUPPORT A DETERMINATION THAT MR. WILSON WAS A SEXUAL PREDATOR.
In his third assignment of error, appellant contends that the trial court erred in finding that he is a sexual predator. Specifically, appellant argues that there was insufficient evidence that he was likely to engage in future sex offenses.
Pursuant to R.C. 2950.09(C)(2)(b), a determination that an offender is a sexual predator must be supported by clear and convincing evidence. When making a determination as to whether an offender is a sexual predator, R.C. 2950.09(B)(2) states that the trial court shall consider all the relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings. State v. Cook (1998), 83 Ohio St.3d 404, 425. The trial judge may use reliable hearsay, such as a pre-sentence investigation report, in making the sexual predator determination. Id.
The trial court may also rely upon victim impact statements. See id. at 424; State v. Southerland (Dec. 30, 1999), Butler App. No. CA99-01-013, unreported; State v. Parker (Nov. 19, 1999), Columbiana App. No. 98-CO-76, unreported.
After evidence is presented, the trial court is required to consider the factors enumerated in R.C. 2950.09(C)(2)(b) in making its determination. In reviewing these factors and any other relevant characteristics under R.C. 2950.09(B)(2)(j), the trial court may look into the defendant's past behavior. State v. Naegele (Jan. 12, 1998), Clermont App. No. CA97-04-043, unreported, at 5, affirmed,84 Ohio St.3d 19. The trial court is not required to find that the evidence presented supports a majority of the factors listed in R.C.2950.09(B)(2). State v. Fugate (Feb. 2, 1998), Butler App. No. CA97-03-065, unreported, at 7. In fact, the trial court may rely upon one factor more than another, depending upon the circumstances of the case. State v. Bradley (June 19, 1998), Montgomery App. Nos. 16662 and 16664, unreported. In certain cases, a single conviction may support a finding that a defendant is a sexual predator. See State v. Nicholas
(Apr. 6, 1998), Warren App. Nos. CA97-05-045, et al., unreported.
When the evidence pertains to specific statutory findings which the trial court must make, the reviewing court must look to see whether the trial court followed the enumerated factors in making its determination or whether the trial court abused its discretion by deviating from the statutory criteria. In re William S. (1996), 75 Ohio St.3d 95, 99.
The record shows more than sufficient evidence to support the trial court's determination that appellant is a sexual predator. The evidence established that appellant was sexually abusing his own daughters in 1976 when he was in his thirties. In 1998, at the age of fifty-eight, appellant was abusing his nine-year-old granddaughter. The trial court found that appellant engaged in a definite pattern of abuse over the years, and the girls sexually abused by appellant were all of similar ages. Based on this evidence, the trial court did not abuse its discretion by finding that appellant is likely to engage in future sex offenses. Appellant's third assignment of error is overruled.
Appellant's fourth, fifth, sixth, seventh, and eighth assignments of error all challenge the constitutionality of R.C. 2950. These assignments of error state:
Assignment of Error No. 4:
 OHIO'S SEXUAL PREDATOR REGISTRATION AND NOTIFICATION PROVISIONS ARE OVERBROAD, RESULT IN UNWARRANTED PUBLICITY, AND UNWARRANTED INTERFERENCE WITH AN INDIVIDUAL'S RIGHT TO PRIVACY, AS PROTECTED BY THE NINTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
Assignment of Error No. 5:
 THE REGISTRATION PROVISIONS OF R.C. CHAPTER 2950, AS AMENDED BY H.B. 180 CONSTITUTE CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
Assignment of Error No. 6:
 R.C. CHAPTER 2950, AS AMENDED BY H.B. 180 AND AS APPLIED TO MR. WILSON, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
Assignment of Error No. 7:
 R.C. CHAPTER 2950, AS AMENDED BY H.B. 180, PROVIDES NO GUIDANCE AS TO HOW THE FACTORS IN R.C. 2950.09(B)(2) ARE TO BE CONSIDERED AND WEIGHED, RENDERING THE LAW VAGUE, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
Assignment of Error No. 8:
 R.C. CHAPTER 2950, AS AMENDED BY H.B. 180 AND AS APPLIED TO MR. WILSON, VIOLATES THE EQUAL PROTECTION CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
All of appellant's claims regarding the constitutionality of Ohio's sexual predator statute have been addressed in previous decisions. The Ohio Supreme Court has held that Ohio's R.C. Chapter 2950 does not violate an individual's right to privacy. State v. Williams (2000),88 Ohio St.3d 513, 526. Likewise, the Ohio Supreme Court has held that the sexual predator statute is not punitive in nature. State v. Cook
(1998), 83 Ohio St.3d 400, 420; State v. Williams, 88 Ohio St.3d at 528; see also State v. Hazelwood (June 28, 1999), Butler App. No. CA98-12-243, unreported. Therefore, Ohio's sexual predator statute does not violate the ban against cruel and unusual punishment. As it does not inflict punishment, Ohio's sexual predator statute does not violate the Double Jeopardy Clause of the constitution. State v. Williams,88 Ohio St.3d at 527-28. Additionally, Ohio's sexual predator statute is not unconstitutionally vague. Id. at 534. Finally, R.C. 2950 does not violate the Equal Protection Clause. Id. at 532. Accordingly, appellant's fourth, fifth, sixth, seventh, and eighth assignments of error are overruled.
Having considered the assignments of error raised herein, we also note that the August 13, 1999 judgment entry of conviction contains a clerical error. The entry includes the following language:
 The court finds that defendant has entered a plea of guilty to one count of Gross Sexual Imposition, a violation of R.C. § 2907.05(A)(4), a felony of the third degree, a Sexually Oriented Offense under R.C. 2950.01(D)(1), and a Violent Sex Offense under R.C. 2971.01(L).
The language referencing a violent sexual offense under R.C. 2971.01(L) was not included in the indictment, the plea or at the sentencing hearing. Therefore, pursuant to R.C. 2501.02 we hereby modify the judgment entry of conviction to delete the language, "and a Violent Sex Offense under R.C. 2971.01(L)."
 ________________________ VALEN, J.
YOUNG, P.J., and WALSH, J., concur.